THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* AARON A. DEGRAUW et al., Appellants.

Plaintiff's complaint set forth the incorporation of a plank-road company in 1852, for a term of thirty years and alleged, in substance, the expiration of its charter; that defendants without being incorporated act as a corporation in the name of the extinct company, exercising jurisdiction over a public highway, maintaining toll gates and collecting tolls, etc. An injunction was asked for restraining such action. Defendants' answer denied that they were illegally exercising the franchises of the plank-road company and alleged that they were acting as, and using the rights and franchises of a turnpike company duly incorporated in 1812. It was admitted on the trial that before the action was commenced a meeting of the stockholders of the plank-road company

and of the turnpike company was held and that persons claiming to be stockholders in the latter company were elected directors and officers, and since that time the road has been operated under the direction of said company as a toll road. The existence of the turnpike company was not limited by its charter to any particular time and it was not shown to have been dissolved; it was not made a party. *Held,* that the averment in the complaint was not proved. and so, that it was properly dismissed, without regard to the question as to whether defendants' organization under the charter of the turnpike company was legal or illegal.

*People* v. *DeGrauw* (62 Hun, 224), reversed.

(Argued April 19, 1892; decided May 3, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 16, 1891, which reversed a judgment in favor of defendants, entered upon a decision of the court on trial without a jury and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. N. Weller* for appellants. The court cannot restrain defendants from exercising the functions and performing the duties of officers and directors of the turnpike company, nor from operating the road as a turnpike-road, because the action is not brought for that purpose, nor is the turnpike corporation a party to the suit. (*Neudecker* v. *Kohlber*, 81 N. Y. 296–301; *Wright* v. *Delafield*, 25 id. 226; *Tooker* v. *Arnoux*, 76 id. 397; *Day* v. *O. & L. C. R. R. Co.*, 107 id. 139; *Pringle* v. *Woolworth*, 90 id. 510; *Kincaid* v. *Dwinelle*, 59 id. 548; 6 B. & C. 793; 6 Cow. 26; 9 Cranch, 51; 4 Wheat. 698; 13 Lou. 496; 4 Paige, 481; 14 Pick. 63; *Bradt* v. *Benedict*, 17 N. Y. 99; *Demorest* v. *Flack*, 128 id. 205; *In re B. E. R. R. Co.*, 125 id. 484; *Adams* v. *Bush*, 6 Hill, 271; 7 How. Pr. 476; *People* v. *M. Co.*, 9 Wend. 383; *Taver* v. *Hall*, 46 Barb. 361; Hopk. Ch. 354; 6 Cow. 211; 80 N. Y. 599; *In re N. Y. E. R. R. Co.*, 70 id. 327.) The plank-road company, at the time of its organization, having purchased all the stock of the turnpike company to enable it to acquire the road and

road-bed, the charter of the latter company is without further act preserved, and its corporate life continued in the corporate life of the plank-road company, until the dissolution of the latter company, when the turnpike company again steps to the front and becomes a turnpike company, with the same directors, officers, powers and duties. (2 R. S. 1479, § 10; Laws of 1857, chap. 643.) It is true the amendment of section 10 perpetuating turnpike charters in certain cases was not passed until after this plank-road company had acquired the stock of the turnpike company, but that makes no difference. The amendment was retroactive in its effect, and was clearly so intended to be. (*People ex rel.* v. *Spencer*, 99 N. Y. 225; 59 id. 192, 196; 71 id. 371, 374; 1 Kent's Comm. 435, 445; 43 N. Y. 130, 132; 22 Wend. 395; 47 N. Y. 330; 70 id. 228, 236; Potter's Dwarris on Stat. 237; 45 N. Y. 356; 23 Hun, 696; 93 N. Y. 235; 3 Dem. 594; 91 N. Y. 585; 93 id. 609; 17 id. 449; 19 id. 207; 107 U. S. 98; 106 id. 468; *Bank of Charlotte* v. *Bank of Baltimore*, 92 id. 121; *Holmes* v. *H. & W. M. Co.*, 127 N. Y. 252; Angel & Ames on Corp. § 771; *Wild* v. *Jenkins*, 4 Paige, 481; *Phillips* v. *Wickham*, 1 id. 590; Laws of 1854, chap. 87, § 6; *People* v. *N. R. S. R. Co.*, 121 N. Y. 586.) The court has no power to determine, in the absence of the turnpike company as a party, the duration of the estate, nor the extent of the rights acquired by the turnpike company in the old highway by the condemnatory proceedings taken pursuant to its charter and the Turnpike Acts of 1807. In case of dissolution, it becomes property in the hands of its directors as trustees. (1 R. S. 601, §§ 9, 10; *People* v. *O'Brien*, 111 N. Y. 2; *Cornell* v. *B. & O. T. Co.*, 25 Wend. 569.)

*Francis H. Van Vechten* for respondent. The turnpike company did not acquire the fee in the public highway by reason of the award paid to the highway commissions in 1813. (*Jackson* v. *Hathaway*, 15 Johns. 453; *Mahan* v. *N. Y. C. R. R. Co.*, 24 N. Y. 660; *N. T. Co.* v. *Smith*, 15 Barb. 357; *Ireland* v. *O. H. & S. P. R. Co.*, 13 N. Y. 533; *Heath* v.

*Barmore*, 50 id. 306; *Benedict* v. *Goit*, 3 Barb. 466.) The transfer by the turnpike company of its railway, toll-houses, etc., to the plank-road company operated in law as a surrender of its charter. (*Slee* v. *Bloom*, 19 Johns. 456, 474, 475; *People* v. *Bank of Hudson*, 6 Cow. 217; *Briggs* v. *Penniman*, 8 id. 387; *Bradt* v. *Benedict*, 17 N. Y. 93, 96; *Mahan* v. *N. Y. C. R. R. Co.*, 24 id. 660; *Dartmouth College* v. *Woodward*, 4 Wheat. 658; *Brinckerhoff* v. *Brown*, 7 Johns. Ch. 217; *People* v. *B. R. R. Co.*, 126 N. Y. 29.) The charter of the Hempstead and Jamaica Plank-road Company expired by limitation on March 11, 1882. (*Sturges* v. *Vanderbilt*, 73 N. Y. 384; Laws of 1876, chap. 135, § 6; Laws of 1878, chap. 121; Laws of 1879, chap. 253, § 2; *People* v. *Walker*, 17 N. Y. 502; *F. L. & T. Co.* v. *Clowes*, 3 id. 470; *A. & C. P. R. Co.* v. *Douglas*, 9 N. Y. 444.) The Hempstead and Jamaica Plank-road Company did not acquire by the purchase of stock of the turnpike company in 1852, the right to reorganize under the charter of said turnpike company in 1890, and to operate under the charter of the turnpike company on the expiration of the charter of the plank-road company. (*Tallmadge* v. *Pell*, 7 N. Y. 328; Cooke on Stockholders, § 315; *Ely* v. *Holton*, 15 N. Y. 595; *Bay* v. *Gage*, 36 Barb. 448; *N. Y. & O. M. R. R. Co.* v. *Van Horn*, 57 N. Y. 477; *Benton* v. *Wickwire*, 54 id. 229; *Moore* v. *Mansert*, 49 id. 332.) The resolutions adopted by appellants, August 27, 1890, to reorganize under the turnpike charter did not revitalize the turnpike company. (Laws of 1857, chap. 643; 1 R. S. chap. 18, § 9.) This is not an action for forfeiture of charter and the action is not against any corporation but against individuals who, it is charged, are illegally usurping corporate rights, franchises and privileges, without being duly incorporated. (Laws of 1847, chap. 210, § 10; *Mahan* v. *N. Y. C. R. R. Co.*, 24 N. Y. 660; *People ex rel.* v. *Cook*, 110 id. 443; Laws of 1879, chap. 441, § 2.)

Peckham, J. This action is brought against the defendants for the purpose of obtaining a perpetual injunction against

them enjoining them from acting as a plank-road corporation. The title of the action, as contained in the summons and complaint, after naming personally the defendants, contains this language: "Doing business under the name and style of the Hempstead and Jamaica Plank-road Company, and John Doe and Richard Roe, whose names are unknown to the plaintiff, intending thereby to designate and describe all persons acting as or claiming to be stockholders in said Hempstead Plank-road company."

The complaint set forth the incorporation of the Hempstead and Jamaica Plank-road Company in March, 1852, for the term of thirty years, for the purpose of operating a plank-road from the village of Hempstead, in Queens county, to the village of Jamaica, in the same county, and on the road of the Jamaica and Hempstead Turnpike Company. It alleged the expiration of the charter in March, 1882, and that it had never been renewed, and that by operation of law it had ceased to exist at the time last mentioned. It further alleged that the defendants, without being incorporated, act as a corporation within the county of Queens, under the name and style of the Hempstead and Jamaica Plank-road Company, and exercise within that county corporate rights, privileges and franchises not granted to them by the law of the state, by exercising jurisdiction as a plank-road company over the public highway, and by maintaining toll-gates on it, and by levying and collecting tolls from persons using it. Upon these allegations the judgment of the court was asked to restrain defendants from acting as such plank-road corporation.

The cause of action is thus plainly seen to rest in the fact that these defendants, without being incorporated, act as a corporation under the name and style of the plank-road company above named.

Thus acting as such named corporation, and without being incorporated, the complaint alleges the defendants have performed various illegal acts, such as erecting toll-houses on a highway and collecting tolls. These acts are not set out as separate and distinct causes of action, but are clearly stated as

corporate acts performed by defendants under their user of the name of the old plank-road corporation whose charter had expired by limitation, but whose rights and privileges the defendants still assumed to exercise.

The defendants answered by denying that they were illegally exercising the privileges or franchises of the plank-road company, and alleged that they were acting as and using the rights, privileges and franchises of the Hempstead Turnpike Company, which was a corporation duly organized in 1812, and still subsisting.

The case was tried upon an agreed statement of the facts, from which the court made its findings, and from the latter it appeared that shortly before the commencement of this action a meeting of the stockholders of the plank-road company and of the turnpike company was held, and after the transaction of other business (fully set forth in the findings of facts), the persons claiming to be stockholders in the turnpike company elected certain of the defendants' directors in such company for one year and until their successors were appointed, and the directors then elected these defendants who have appeared in this action officers of the turnpike company, and since that time the road has been run and operated under the directions of this turnpike company as a toll road.

Upon these findings the Special Term dismissed the complaint, with costs.

Upon appeal, the General Term reversed the judgment entered upon the decision of the court below, and granted a new trial. From that order, the defendants have appealed here.

The General Term granted a new trial on the ground that the reorganization under the turnpike charter was illegal.

We think the Special Term judgment was right.

The defendants were proceeded against expressly and solely upon the ground of their assumption of the corporate name and privileges of the plank-road corporation, which, as the plaintiff alleged, was a corporation that had expired by its own limitation, and was not in existence. The facts were

agreed upon, and from them it appears that, in truth, the defendants were not acting in any such capacity or assuming the rights of any such corporation. On the contrary, they were assuming to perform the acts which the complaint alleged were illegal, under and by virtue of the powers of another corporation which was once legally incorporated and which they claimed was still in existence. That corporation was not limited in its existence by any definite time and was not shown to have been dissolved, and it was no party to this action. The cause of action set up in the complaint was not proved, and hence it was proper to give judgment for the defendants, without considering the question whether the actions of defendants were legal or illegal by reason of the legality or illegality of their organization under the charter of the turnpike company. The defendants were not proceeded against on any such ground and the fate of this action should not depend upon the solution of the problem as to the existence of the turnpike company and its regular organization in the absence of allegations regarding it in the complaint and in the absence of the turnpike corporation as a party defendant.

We intimate no opinion on the question of the validity of the proceedings of defendants regarding the turnpike company. It is not before us and was not properly before the General Term.

We find nothing in the case which would naturally incline a court to make any special effort to uphold a judgment in the plaintiff's favor. They allege the death of the plank-road corporation by the expiration of the time provided in its articles of association and they claim in substance that the real estate upon which the turnpike and subsequently the plank-road were built reverts to the original owners, and that the road has become a public highway. The stockholders in the plank-road and turnpike corporations will thus lose their property, which, but for this claimed forfeiture, would still exist and probably be of some value.

The failure to obtain an extension of the corporate life in some form and by some proper means was a pure inadvertence.

The stockholders endeavored, in good faith, to take the steps necessary to accomplish that end, and failed without intentional or culpable neglect. To sustain this action would appear somewhat like an effort to enforce the consequences of a forfeiture which arose from no willful omission to perform the necessary acts to prevent it and where equitable considerations would seem to oppose its enforcement. These considerations, while unavailing in case a cause of action in accordance with the complaint had been properly proved, are not without weight in construing the complaint and the cause of action therein stated. Whether any wise public policy demands the commencement of another action is a question, the solution of which is confided to the attorney-general.

Upon this record, the order of the General Term is erroneous, and it is, therefore, reversed, and the judgment of the Special Term affirmed, with costs.

All concur, except MAYNARD, J., not sitting.

Order reversed and judgment affirmed.